**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ANTHONY TANNER,**

        **Plaintiff,**

vs.                                          Case No.:  8:19-CV-219-T-36SPF

**ENGLEWOOD WATER DISTRICT,**

        **Defendant.**

_____/

## ANSWER AND DEFENSES

The Defendant, Englewood Water District, ("Defendant" or "District"), answers and files its defenses to the amended complaint, (Doc. 8), ("complaint"), brought by the Plaintiff, Anthony Tanner, ("Plaintiff"), and says:

1. The Defendant admits the subject matter jurisdiction of this Court, but denies any allegation of wrongdoing pled or implied in paragraph 1 of the complaint.

2. The Defendant admits the subject matter jurisdiction of this Court.

3. The Defendant admits the propriety of venue, but denies any allegation of wrongdoing pled or implied in paragraph 3 of the complaint.

4. The Defendant admits the allegations contained in the first sentence of paragraph 4 of the complaint. The Defendant is without knowledge of the allegations contained in the second and third sentences of paragraph 4 of the complaint.

5. The Defendant admits the allegations contained in paragraph 5 of the complaint.

6. The Defendant admits the allegations contained in paragraph 6 of the complaint.

7. The Defendant admits the allegations contained in paragraph 7 of the complaint.

8. The Defendant is without knowledge of the allegations contained in paragraph 8 of the complaint.

9. The Defendant admits that the Plaintiff periodically took leaves of absence from his employment with the Defendant. The Defendant is without knowledge of the remaining allegations contained in paragraph 9 of the complaint.

10. The Defendant is without knowledge of the allegations contained in paragraph 10 of the complaint because the paragraph does not identify the dates of the "absences." The Defendant denies any allegation of wrongdoing pled or implied in paragraph 10 of the complaint.

11. The Defendant admits the allegations contained in paragraph 11 of the complaint.

12. The Defendant denies the allegations contained in paragraph 12 of the complaint. Answering further, the District's employee handbook specifically provides in Section VI. S. "5. Military leave" that "Employees will be granted leave for active military service or duty in accordance with applicable law."

13. The Defendant denies the allegations contained in paragraph 13 of the complaint. Answering further, the District's employee handbook specifically provides in Section VI. S. "5. Military leave" that "Employees will be granted leave for active military service or duty in accordance with applicable law."

14. The District's "policies" speak for themselves and therefore the Defendant denies the allegations contained in paragraph 14 of the complaint. Answering further, the District's employee handbook specifically provides in Section VI. S. "5. Military leave" that

"Employees will be granted leave for active military service or duty in accordance with applicable law."

15. The Defendant denies the allegations contained in paragraph 15 of the complaint. Answering further, the District's employee handbook specifically provides in Section VI. S. "5. Military leave" that "Employees will be granted leave for active military service or duty in accordance with applicable law."

16. Paragraph 16 of the complaint does not allege ultimate fact but rather conclusions of law which are argumentative and pled devoid of context and therefore denied.

17. The Defendant is without knowledge of the allegations contained in paragraph 17 of the complaint because the paragraph does not identify the "periods of service." The Defendant denies any allegation of wrongdoing pled or implied in paragraph 17 of the complaint.

18. The Defendant is without knowledge of the allegations contained in the first sentence of paragraph 18 of the complaint. The Defendant admits that for the October 1, 2016 to September 30, 2017 review period the Plaintiff received a 2 "Fair" for "Attendance/Dependability." The Defendant denies the remaining allegations contained in the second sentence of paragraph 18 of the complaint. The Defendant admits that annual performance review scores can affect the merit raises for District employees, including the Plaintiff. The Defendant denies the remaining allegations contained in the third sentence of paragraph 19 of the complaint. Answering further, the "Attendance/Dependability" rating did not adversely take into account any protected leave under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). The Plaintiff also received a 2 "Fair" for

"Communication/Listening Skills" for the October 1, 2016 to September 30, 2017 review period and an overall rating of 20 of 30.

19. The Defendant admits that the Plaintiff notified his manager that he (the Plaintiff) had a military obligation commencing on or about April 23, 2018. The Defendant is without knowledge of the remaining allegations contained in paragraph 19 of the complaint.

20. The Defendant admits that the Plaintiff and another employee of the District came to the District's Human Resources office on or about April 18, 2018. The Defendant denies the remaining allegations contained in paragraph 20 of the complaint.

21. The Defendant admits that on or about April 20, 2018 the Plaintiff met with Raymond Burroughs, the Administrator of the District. The Defendant denies the remaining allegations contained in paragraph 21 of the complaint.

22. The Defendant is without knowledge of the allegations contained in paragraph 22 of the complaint.

23. The Defendant admits the allegations contained in paragraph 23 of the complaint.

24. The Defendant admits the allegations contained in paragraph 24 of the complaint.

25. The Defendant denies the allegations contained in paragraph 25 of the complaint.

26. The Defendant admits that there was a meeting on or about July 6, 2018 with the Plaintiff, Cynthia Draine, the District's Human Resources Director, Ron Franklin, the District's Collections Manager, and Phil Wagoner, the District's Wastewater Operations

Manager. The Defendant further admits that the Plaintiff stated that he was not prepared for the meeting. The Defendant denies the remaining allegations contained in paragraph 26 of the complaint.

27. The Defendant denies the allegations contained in paragraph 27 of the complaint.

28. The Defendant admits the allegations contained in paragraph 28 of the complaint.

29. The Defendant admits that the Plaintiff submitted a letter to Burroughs on or about July 31, 2018. The letter speaks for itself and therefore the Defendant denies the remaining allegations contained in paragraph 29 of the complaint.

30. The letter submitted by the Plaintiff speaks for itself and therefore the Defendant denies the allegations contained in paragraph 30 of the complaint.

31. The Defendant admits that the Plaintiff met with Burroughs on or about July 31, 2018 and that the Plaintiff was informed that his employment would be terminated. The Defendant denies the remaining allegations contained in paragraph 31 of the complaint. Answering further, the Plaintiff was terminated for good cause based on his insubordination and failure to perform work as directed.

32. The Defendant admits that the Plaintiff received a warning in June 2015. The warning speaks for itself. The Defendant denies the remaining allegations contained in paragraph 32 of the complaint.

33. The Defendant denies the allegations contained in paragraph 33 of the complaint.

34. The Defendant admits the allegations contained in paragraph 34 of the complaint.

35. The Defendant admits that it has not established by ordinance an administrative procedure for handling complaints of alleged violations of § 112.3187, Florida Statutes. The Defendant denies any allegation of wrongdoing pled or implied in paragraph 35 of the complaint.

36. In response to paragraph 36 of the complaint, the Defendant repeats its responses to paragraphs 1 through 11 and 18 through 33 of the complaint.

37. The Defendant denies the allegations contained in paragraph 37 of the complaint.

38. The Defendant denies the allegations contained in paragraph 38 of the complaint.

39. The Defendant denies the allegations contained in paragraph 39 of the complaint.

40. The Defendant denies the allegations contained in paragraph 40 of the complaint.

41. The Defendant denies the allegations contained in paragraph 41 of the complaint. The Defendant denies the prayer for relief contained in the unnumbered wherefore paragraph which follows paragraph 41 of the complaint.

42. In response to paragraph 42 of the complaint, the Defendant repeats its responses to paragraphs 1 through 17 and 20 through 33 of the complaint.

43. The Defendant denies the allegations contained in paragraph 43 of the

complaint.

44. The Defendant denies the allegations contained in paragraph 44 of the complaint.

45. The Defendant denies the allegations contained in paragraph 45 of the complaint.

46. The Defendant denies the allegations contained in paragraph 46 of the complaint.

47. The Defendant denies the allegations contained in paragraph 47 of the complaint. The Defendant denies the prayer for relief contained in the unnumbered wherefore paragraph which follows paragraph 47 of the complaint.

48. In response to paragraph 48 of the complaint, the Defendant repeats its responses to paragraphs 1 through 13 and 20 through 33 of the complaint.

49. The Defendant denies the allegations contained in paragraph 49 of the complaint.

50. The Defendant denies the allegations contained in paragraph 50 of the complaint.

51. The Defendant denies the allegations contained in paragraph 51 of the complaint. The Defendant denies the prayer for relief contained in the wherefore paragraph which follows paragraph 51 of the complaint.

52. In response to paragraph 52 of the complaint, the Defendant repeats its responses to paragraphs 1 through 11, 16 through 17, and 20 through 33 of the complaint.

53. The Defendant admits that it is a political subdivision of the state of Florida.

The Defendant denies any allegation of wrongdoing pled or implied in paragraph 53 of the complaint.

54. Section 115.07, Florida Statutes, speaks for itself. The Defendant denies the remaining allegations contained in paragraph 54 of the complaint.

55. Section 115.14, Florida Statutes, speaks for itself. The Defendant denies the remaining allegations contained in paragraph 55 of the complaint.

56. Paragraph 56 of the complaint does not allege ultimate fact but rather conclusions of law which are argumentative and pled devoid of context and therefore denied.

57. The Defendant denies the allegations contained in paragraph 57 of the complaint.

58. The Defendant denies the allegations contained in paragraph 58 of the complaint.

59. The Defendant denies the allegations contained in paragraph 59 of the complaint. The Defendant denies the prayer for relief contained in the unnumbered wherefore paragraph which follows paragraph 59 of the complaint.

60. In response to paragraph 60 of the complaint, the Defendant repeats its responses to paragraphs 1 through 11, 19, and 21 through 33 of the complaint.

61. The Defendant is without knowledge of the allegations contained in paragraph 61 of the complaint.

62. The Defendant admits the allegations contained in paragraph 62 of the complaint.

63. Section 4316(c)(2) of USERRA speaks for itself. The Defendant therefore

denies the allegations contained in paragraph 63 of the complaint.

64.   The Defendant admits the allegations contained in paragraph 64 of the complaint.

65.   The Defendant denies the allegations contained in paragraph 65 of the complaint.

66.   The Defendant denies the allegations contained in paragraph 66 of the complaint.

67.   The Defendant denies the allegations contained in first paragraph 67 in Count 5 of the complaint. The Defendant denies the prayer for relief contained in the unnumbered wherefore paragraph which follows paragraph 67 in Count 5 of the complaint. In response to the second paragraph 67 in Count 6 of the complaint, the Defendant repeats its responses to paragraphs 1 through 11, 14 through 15, and 20 through 33 of the complaint.

68.   The Defendant denies the allegations contained in paragraph 68 of the complaint.

69.   The Defendant denies the allegations contained in paragraph 69 of the complaint.

70.   The Defendant denies the allegations contained in paragraph 70 of the complaint.

71.   The Defendant denies the allegations contained in paragraph 71 of the complaint. The Defendant denies the prayer for relief contained in the unnumbered wherefore paragraph which follows paragraph 71 of the complaint.

72.   In response to paragraph 72 of the complaint, the Defendant repeats its

responses to paragraphs 1 through 17 and 20 through 35 of the complaint.

73. The Defendant admits the allegations contained in paragraph 73 of the complaint.

74. The Defendant denies the allegations contained in paragraph 74 of the complaint.

75. The Defendant denies the allegations contained in paragraph 75 of the complaint.

76. The Defendant denies the allegations contained in paragraph 76 of the complaint.

77. The Defendant is without knowledge of the allegations contained in paragraph 77 of the complaint. The Defendant denies the prayer for relief contained in the unnumbered wherefore paragraph which follows paragraph 77 of the complaint.

## **DEFENSES**

78. First defense. Assuming, *arguendo*, the Plaintiff can establish that his military service was a negative factor in his performance evaluation and/or termination, the Defendant would have taken the same actions in the absence of such military service. The Plaintiff was terminated by the Defendant for good cause based on his insubordination and failure to perform work as directed. The Plaintiff's performance evaluation identifies the ratings the Plaintiff received, which were based on the Plaintiff's work performance for the District.

79. Second defense. Assuming, *arguendo*, the Plaintiff can establish any activities protected by 38 U.S.C. § 4311(b) were a motivating factor in the Plaintiff's termination, the Defendant would have taken the same action in the absence of any such alleged protected

activity. The Plaintiff was terminated by the Defendant for good cause based on his insubordination and failure to perform work as directed.

Respectfully submitted,

/s/Nathan J. Paulich
Nathan J. Paulich
Florida Bar No.: 0085190
Thompson, Sizemore, Gonzalez & Hearing, P.A.
One Tampa City Center
201 North Franklin Street, Suite 1600
Tampa, Florida 33602
Telephone: (813) 273-0050
Facsimile: (813) 273-0072
Primary Email: npaulich@tsghlaw.com;
Secondary Email: kharrs@tsghlaw.com;
lstillwell@tsghlaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 3rd day of April, 2019, by CM/ECF electronic filing to the Clerk of Court and to the following:

Kathryn S. Piscitelli, Trial Counsel
P.O. Box 691166
Orlando, FL  32869
Kpiscitelli1@clf.rr.com

Peter F. Helwig
Harris & Helwig, P.A.
6700 South Florida Avenue, Suite 31
Lakeland, FL  33813
pfhelwig@tampabay.rr.com

/s/Nathan J. Paulich
Attorney